UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OTIS PATTISON

                Plaintiff,

vs.                                  Case No.:

CIRCLE K STORES, INC., a Foreign
Profit Corporation,

                Defendant.
_____

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, CIRCLE K STORES, INC., (hereinafter "CIRCLE K"), hereby gives notice of Removal of the above captioned action from the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Ocala Division, and respectfully represents as follows:

1.    On or about December 16, 2022, a Complaint was served on the Defendant, Circle K.  The civil action entitled *OTIS PATTISON, v. CIRCLE K STORES, INC.,* was commenced in the Circuit Court, Fifth Judicial Circuit, in and for Marion County, Florida, and assigned Case number 2022-CA-2612. This action was filed in the Marion County Circuit Court on December 13, 2022.  (A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as Exhibit "A"). This matter subsequently became

removable on March 2, 2023, when Plaintiff served her responses to Defendant's First Request for Production including medical bills exceeding $75,000. See Plaintiff's Response to Defendant's First Request for Production attached as Exhibit "B;" see select medical bills from Plaintiff's Responsive Documents attached as Exhibit "C."

    2.    This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

    3.    There is complete diversity of citizenship between the parties to this cause. Plaintiff is a citizen of the State of Florida. Defendant is a foreign company duly organized as a corporation under the law of Texas with its principal place of business in Arizona. See Exhibit "D."

    4.    This is a purported negligence action brought by the Plaintiff against the Defendant. As is expressly referenced in the Complaint, the Plaintiff is seeking damages in excess of $30,000.00. (See Complaint, paragraph 1). Further, Mr. Pattison alleges in the Complaint that he was injured as a result of Defendant's negligent security of its premises, as he was involved in a physical altercation on the premises and has suffered damages including, without limitation:

    a.    Permanent physical injury
    b.    Pain and suffering
    c.    Disability
    d.    Loss of the capacity for the enjoyment of life

    e. Loss of earnings or earning ability
    f. Medical expenses
    g. Mental anguish

  (See Complaint, paragraph 9, 15)

  5. In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Gillinov v. Hillstone Restaurant Group, Inc., 92 F. Supp. 3d 1251, 1253-1254 (S.D. Fla. 2015). The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." Pretka v. Kolter City Plaza, II, Inc., 608 F. 3d 744, 755 (11th Cir. 2010).

  6. As such, on March 2, 2023, Plaintiff filed his responses to Defendant's First Request for Production and served responsive documents including medical bills totaling to about $111,000. See Exhibit "C." These documents also contain records revealing that Plaintiff underwent surgery to repair his jaw. Id. Since Plaintiff has provided documentation supporting the amount in controversy is in excess of $75,000, and alleges further damages into the future including those mentioned above, the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C.1332 (a) of $75,000.00, exclusive of interest and costs.

7. Since the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C §1332. As such, this removal action is proper.

8. Defendant has served the instant Notice of Removal on Plaintiff's counsel. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Fifth Judicial Circuit.

9. Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

**WHEREFORE**, the undersigned Defendant respectfully requests that this action now pending in the Fifth Judicial Circuit in and for Marion County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated: October 17, 2022.

/s/ Alison H. Sausaman_____
Alison H. Sausaman
Florida Bar No. 112552
Marissa de los Reyes
Florida Bar No. 1010899
CARR ALLISON
Truist Tower
200 West Forsyth Street, Suite 600
Jacksonville, FL 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473

Email: asausaman@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: sturner@carrallison.com
Secondary Email: egaskill@carrallison.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide notice of electronic filing and a copy of the foregoing to the following:

Justin S. Day, Esquire
Kristopher M. Nowicki, Esquire
LAW OFFICES OF NOONEY,
ROBERTS, HEWETT & NOWICKI
1680 Emerson Street.
Jacksonville, FL 32207
Primary Email: knowicki@nrhnlaw.com
Primary Email: jday@nrhnlaw.com
Attorneys for Plaintiff

/s/ Alison H. Sausaman_____
Alison H. Sausaman
Marissa de los Reyes
*Attorneys for Defendants*